UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re                                                                                  CASE NO. 05 25584 BKC RBR
                                                                                        CHAPTER 7
SEASPECIALTIES, INC.,

       Debtor.
_____/

SONEET R. KAPILA, Chapter 7 Trustee of                  ADV. NO.
SEASPECIALTIES, INC.,

       Plaintiff,

vs.

ARNOLD RICHMAN,

       Defendant.
_____/

**ADVERSARY COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL AND FRAUDULENT TRANSFER**

Plaintiff, Soneet R. Kapila, Chapter 7 Trustee of SeaSpecialties, Inc. (the "Trustee"), through undersigned special counsel and pursuant to Sections 544, 547, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Chapter 726 of the Florida Statutes, files this Complaint against Arnold Richman (the "Defendant") to avoid and recover a transfer to the Defendant, and states as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.    On September 1, 2005 (the "Petition Date"), SeaSpecialties, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    By Order dated November 22, 2005, the case was converted to a Chapter 7.

3. Soneet R. Kapila is the duly appointed and acting Chapter 7 Trustee in this case and is the proper party plaintiff and representative of the estate to assert the claims herein on behalf of, and for the benefit of, the estate's creditors to satisfy pending creditor claims against the estate.

4. At all times material hereto, Arnold Richman (the Defendant) was employed by the Debtor.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (H).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTS SUPPORTING THE CLAIM

7. The Debtor, f/k/a Florida Smoked Fish Company, was at all material times engaged in preparing seafood products.

8. In 1995, the Debtor issued two benefit plans in favor of certain highly compensated employees ("participants"). One of the plans was a Life Insurance Plan ("LIP") and the other plan was a Supplemental Executive Retirement Plan ("SERP").

9. Under the LIP, the Debtor agreed to purchase a life insurance policy for each participant and pay all of the premiums required thereunder.

10. Upon termination of the LIP, each participant was entitled to an assignment of the policy itself, but the Debtor retained ownership of the cash surrender value of the policy.

11. The LIP was acknowledged and agreed to by the Defendant. A copy of the LIP, the Amendment to the LIP, and the Defendant's Adoption Agreement are collectively attached hereto as Exhibit A.

2

12. At all times material hereto, the cash surrender value of each policy was an asset of the Debtor.

13. Under the SERP, the Debtor agreed to pay each participant an amount of money equal to the cash value of the participant's life insurance policy purchased under the LIP upon termination of the participant's employment.

14. The conditions to payment under the SERP were, inter alia, (i) the participant completing five (5) years of employment with Debtor, (ii) the participant not violating the restrictive covenants provided for in the SERP, and (iii) the participant executing an acknowledgement and consent document regarding the restrictive covenants.

15. Nothing in the SERP gave any participant right, title or interest in the cash value of his or her life insurance policy purchased under the LIP.

16. The SERP provided that each policy purchased under the LIP was a general asset of the company subject to the claim of the company's creditors.

17. The time of payment under the SERP was to be within 90 days of the participant's "severance," which was defined as "termination of employment with the Company for any reason" other than for cause.

18. The SERP was acknowledged and agreed to by the Defendant. A copy of the SERP, the Amendment to the SERP, and the Defendant's Adoption Agreement are collectively attached hereto as Exhibit B.

19. Within 90 days prior to the Petition Date, the Debtor purported to terminate the LIP and the SERP and provided each participant, including the Defendant, with the cash surrender value of his or her respective insurance policy.

20.     At the time of the purported termination of the LIP and the SERP, the Defendant was employed by Debtor. The Defendant did not execute an acknowledgment and consent form prior to the transfer of the cash surrender value of his insurance policy. Notwithstanding, within 90 days prior to the Petition Date, the Debtor directed the life insurance company to issue a check to the Defendant in the amount of the cash surrender value of the Defendant's policy.

21.     Within 90 days prior to the Petition Date, the Defendant received a check in the amount of $78,207.53, representing property of the Debtor.

## COUNT I
### Avoidance and Recovery of Preferential Transfer
### Under 11 U.S.C. § 547

22.     The Trustee repeats and realleges Paragraphs 1 through 21 above.

23.     Pursuant to 11 U.S.C. § 547, the Trustee may avoid any transfer of an interest in property of the Debtor within 90 days prior to the Petition Date if the Debtor was insolvent and the transfer enabled the transferee to receive more than he or she would have received under a Chapter 7 liquidation if the transfer had not been made.

24.     Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under Section 547 of the Bankruptcy Code, the Trustee may recover the property transferred or the value of the property transferred from the initial transferee or any immediate or mediate transferee.

25.     During his term of employment with Debtor, the Defendant received a transfer of the cash surrender value of an insurance policy owned by the Debtor, which transfer constituted the transfer of an interest in property of the Debtor within 90 days prior to the Petition Date.

26. Upon information and belief, the Debtor was insolvent at the time of the transfer and the transfer enabled the Defendant to receive more than he would have under a Chapter 7 liquidation if the transfer had not been made.

27. Creditors have filed claims against the estate, whose claims arose before and after the transfer to the Defendant was effectuated.

28. As a result of the above, the Trustee can avoid the transfer to the Defendant pursuant to Section 547 of the Bankruptcy Code and recover the transfer for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests judgment against the Defendant:

(a) avoiding the transfer pursuant to Section 547 of the Bankruptcy Code;

(b) awarding to the Trustee the amount or value of the transfer (i.e., $78,207.53) plus pre-judgment interest and costs pursuant to Section 550 of the Bankruptcy Code;

(c) disallowing any claim that the Defendant may have against the Debtor unless and until such time as the Defendant makes payment in the amount asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awarding any additional relief this Court deems is just and proper.

**COUNT II**
**Avoidance and Recovery of Fraudulent Transfer**
**Under 11 U.S.C. § 548(a)(1)(A) and/or 11 U.S.C. § 544 and Florida Law**

29. Trustee repeats and realleges Paragraphs 1 through 21 above.

30. Pursuant to 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 544(b), which incorporates state law including Chapter 726 of the Florida Statutes, the Trustee may

5

avoid any transfer of an interest in property of the Debtor made within one year prior to the Petition Date if the transfer was made with actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made, insolvent.

31. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under Section 544(b) or 548 of the Bankruptcy Code, the Trustee may recover the property transferred or the value of the property from the initial transferee or any immediate or mediate transferee.

32. During his employment, the Defendant received a transfer of the cash surrender value of an insurance policy owned by the Debtor. The transfer occurred within one year prior to the Petition Date.

33. Upon information and belief, the Debtor's transfer of the cash surrender value of the policy to the Defendant was initiated and completed with the intent to hinder or delay the Debtor's creditors.

34. The Defendant was not a good faith recipient of the transfer because he knew or should have known that the Debtor would be unable to repay its creditors and he did not exchange reasonably equivalent value for the transfer.

35. Creditors have filed claims against the estate, whose claims arose before and after the transfer to the Defendant was effectuated.

36. As a result of the above, the Trustee can avoid the transfer to the Defendant pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and/or Section 544(b) of the Bankruptcy Code and Chapter 726 of the Florida Statutes and recover the transfer for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests judgment against the Defendant:

(a) avoiding the transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and/or 11 U.S.C. § 544 and Chapter 726 of the Florida Statutes;

(b) awarding to the Trustee the amount or value of the transfer (i.e., $78,207.53) plus pre-judgment interest and costs pursuant to Section 550 of the Bankruptcy Code;

(c) disallowing any claim that the Defendant may have against the Debtor unless and until such time as the Defendant makes payment in the amount asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awarding any additional relief this Court deems is just and proper.

## COUNT III
### Avoidance and Recovery of Fraudulent Transfer
### Under 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 and Florida Law

37. Trustee repeats and realleges Paragraphs 1 through 21 above.

38. Pursuant to 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 544(b), which incorporates state law including Chapter 726 of the Florida Statutes, the Trustee may avoid any transfer of an interest in property of the Debtor within one year prior to the Petition Date if the Debtor received less than reasonably equivalent value in exchange for such transfer and (i) was insolvent on the date of such transfer or became insolvent as a result thereof; (ii) was engaged or was about to be engaged in a business or transaction for which the remaining property of the Debtor was unreasonably small capital; or (iii) intended to incur, or believed that he would incur, debts beyond his ability to pay as such debts matured.

39. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under

7

Section 544(b) or 548 of the Bankruptcy Code, the Trustee may recover the property transferred or the value of the property from the initial transferee or any immediate or mediate transferee.

40. During his employment, the Defendant received a transfer of the cash surrender value of an insurance policy owned by the Debtor. The transfer occurred within one year prior to the Petition Date.

41. The Defendant was not a good faith recipient of the transfer because he knew or should have known that the Debtor would be unable to repay its creditors and he did not take the transfer in exchange for a reasonably equivalent value.

42. Upon information and belief, the Debtor did not receive reasonably equivalent value from the Defendant in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or became insolvent as a result thereof; (ii) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

43. Creditors have filed claims against the estate, whose claims arose before and after the transfer to the Defendant was effectuated.

44. As a result of the above, the Trustee can avoid the transfer to the Defendant pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and/or Section 544(b) of the Bankruptcy Code and Chapter 726 of the Florida Statutes and recover the transfer for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests judgment against the Defendant:

  (a)  avoiding the transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544(b) and Chapter 726 of the Florida Statutes;

  (b)  awarding to the Trustee the amount or value of the transfer (i.e., $78,207.53) plus pre-judgment interest and costs pursuant to Section 550 of the Bankruptcy Code;

  (c)  disallowing any claim that the Defendant may have against the Debtor unless and until such time as the Defendant makes payment in the amount asserted herein as provided in 11 U.S.C. § 502(d); and

  (d)  awarding any additional relief this Court deems is just and proper.

## COUNT IV
### Avoidance and Recovery of Fraudulent Transfer Under 11 U.S.C. § 544 and Florida Law

45. Trustee repeats and realleges Paragraphs 1 through 21 above.

46. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest in property of the Debtor or any obligation incurred by the Debtor that is voidable under applicable law (in this case, Florida law) by a creditor holding an unsecured claim.

47. Pursuant to Section 726.106(2) of the Florida Statutes, a transfer is fraudulent if (i) the transfer was made to an insider for an antecedent debt, (ii) the debtor was insolvent at the time of the transfer and (iii) the insider had reasonable cause to believe that the debtor was insolvent.

48. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under Section 544(b) of the Bankruptcy Code, the Trustee may recover the property transferred or the value of the property from the initial transferee or any immediate or mediate transferee.

49. During his employment, the Defendant received a transfer of the cash surrender value of an insurance policy owned by the Debtor. The transfer occurred in July 2005.

50. Upon information and belief, (i) the Defendant was an insider of the Debtor at the time of the transfer; (ii) the Debtor was insolvent at the time of the transfer; and (iii) the Defendant had reasonable cause to believe that the Debtor was insolvent..

51. The Defendant was not a good faith recipient of the transfer because he knew or should have known that the Debtor would be unable to repay its creditors and he did not take the transfer in exchange for a reasonably equivalent value.

52. Creditors have filed claims against the estate, whose claims arose before and after the transfer to the Defendant was effectuated.

53. As a result of the above, the Trustee can avoid the transfer to the Defendant pursuant to Section 544(b) of the Bankruptcy Code and Chapter 726 of the Florida Statutes and recover the transfer for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests judgment against the Defendant:

(a) avoiding the transfer pursuant to 11 U.S.C. § 544(b) and Chapter 726 of the Florida Statutes;

(b) awarding to the Trustee the amount or value of the transfer (i.e., $78,207.53) plus pre-judgment interest and costs pursuant to Section 550 of the Bankruptcy Code;

10

   (c) disallowing any claim that the Defendant may have against the Debtor unless and until such time as the Defendant makes payment in the amount asserted herein as provided in 11 U.S.C. § 502(d); and

   (d) awarding any additional relief this Court deems is just and proper.

Respectfully submitted this 28th day of August 2007.

      **I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1)**

      GENOVESE JOBLOVE & BATTISTA, P.A.
      *Attorneys for the Chapter 7 Trustee*
      200 E. Broward Blvd., Suite 1100
      Fort Lauderdale, Florida 33301
      Tel.: (954) 453-8000
      Fax.: (954) 453-8010

      By: /s/ David Stern
       David Stern, Esq. FBN 040398